A. U. WYMAN, RECEIVER, APPELLEE, V. L. B. WILLIAMS ET AL., APPELLANTS.

FILED FEBRUARY 2, 1898.    No. 7634.

1. **Corporations: INSOLVENCY: DIRECTORS.** The directors of an insolvent corporation cannot lawfully appropriate its assets to the payment of debts due them from it to the entire exclusion of other corporate creditors.

2. ———: **ACTION BY RECEIVER: SUBSCRIBERS TO STOCK.** A suit by the receiver of a corporation against subscribers to its stock to recover their unpaid stock subscriptions will not lie until the amount justly due from the corporation has been ascertained and the corporate property exhausted.

3. ———: ———: ———. When the directory of a corporation, before it is put into the hands of a receiver, makes a call or assessment on the stock subscribers for all or a part of their unpaid stock subscriptions, 'such calls become at once corporate property or assets of the corporation and may be sued for and collected by a receiver subsequently appointed as any other asset of the corporation.

4. ———. *Globe Publishing Co. v. State Bank of Nebraska*, 41 Neb. 175, and *State v. German Savings Bank*, 50 Neb. 734, reaffirmed and distinguished.

MOTIONS for rehearing of case reported in 52 Neb. 833. *Overruled.*

*Hall & McCulloch, Warren Switzler*, and *J. W. West*, for the motion.

RAGAN, C.

This is a motion for rehearing of *Wyman v. Williams*, 52 Neb. 833. It is not necessary to state all the facts, as they are sufficiently stated in the former opinion.

The parties filing the motions for rehearing are S. R. Johnson, George F. Wright, and Henry W. Yates. These parties were subscribers to the stock of the Nebraska Insurance Company and paid in cash for the stock subscribed by them fifty per cent of its face value, and by the articles of incorporation the remainder of the

subscription was payable on the call of the directors. Some time after the corporation began business the directors of the corporation made a call or an assessment upon their stockholders of eighty-three and one-fourth per cent of the amount of the unpaid stock subscriptions for the purpose of raising money to pay the debts and expenses of the corporation. Subsequently the insurance company was placed in the hands of a receiver and he brought this action against the parties filing this motion, and the other stockholders of such insurance company, and sought to recover the full amount of their unpaid stock subscriptions. The decree of the district court, so far as it affects the parties moving here, resulted in a personal judgment against them in favor of the receiver for the amount of the assessment or call made against them by the stockholders. We will first dispose of Mr. Yates' motion. He was made a party defendant to the receiver's action, and it seems that he appeared therein, demurred to the petition, and that his demurrer was overruled. If he filed an answer in the case, the fact is not disclosed by the record. This being the case, he could only be heard on this appeal as to the correctness of the district court in overruling his demurrer; but a copy of this demurrer is not in the record, and we do not know upon what grounds the demurrer was urged below. We must therefore overrule the motion.

Johnson and Wright make three arguments in support of their motion for a rehearing. The first is that the district court, by its decree, found that prior to the time the call or assessment was made for unpaid subscriptions they had advanced to the insurance company a large sum of money, and they insist that these advancements were made by them under an agreement existing between them and the insurance company that the advancements made by each of them should be applied on their unpaid stock subscriptions. There is some evidence in the record on behalf of Johnson and Wright which tends to support this contention, but whether these

advancements of money made by them to the insurance company were made in pursuance of an agreement that they should be applied on their stock subscriptions and were as a matter of fact payments on their unpaid stock subscriptions was a question of fact for the district court. That tribunal has resolved that question of fact against these appellants and we cannot say that its conclusion is not supported by sufficient evidence.

The second argument is that the directors, among whom were Wright and Johnson, at the time they levied the assessment and made the call for the payment of part of the unpaid stock subscriptions, then and there agreed that the moneys which Johnson and Wright had before that time advanced or loaned to the insurance company, and which the insurance company was then owing them, should be set off against what would be due from them as stockholders of the corporation on the assessment levied upon their unpaid stock subscriptions. This argument is somewhat inconsistent with the contention of appellants that the moneys that they had prior to that time advanced to the insurance company were payments upon their stock subscriptions. But it is insisted that the receiver could not adopt that part of the action of the directors making the assessment or call without also adopting the disposition which the directors made of the assessment so far as appellants are concerned. The argument is this, as we understand it: That at the time the assessment was levied or the call made the insurance company was largely indebted to Johnson and Wright and that the directors had the right to apply or to cancel the assessment of Wright and Johnson to the extent the insurance company owed them; but, as already stated, Johnson and Wright were part of the directory of this corporation; it was at that time insolvent, and they could not take advantage of their position to obtain a preference of debts owing by the corporation to themselves. (See *Gordon v. Plattsmouth Canning Co.*, 36 Neb. 548; *Ingwersen v. Edgecombe*, 42 Neb. 740; *Tillson*

*v. Downing,* 45 Neb. 549.)    If the insurance company was indebted to Johnson and Wright, they had the right, and perhaps have still, to file their claims with the receiver against the corporation and have them paid out of its assets, but they had no right, being directors of the corporation, to use its assets for the purpose of discharging the corporation's debt to themselves to the entire exclusion of other corporate creditors.

The third argument is that a suit by a receiver against the stock subscribers of a corporation to recover unpaid stock subscriptions will not lie until after the corporate property shall have been exhausted.    This is true.    (See Constitution, art. 11, sec. 4; *Globe Publishing Co. v. State Bank of Nebraska,* 41 Neb. 175; *State v. German Savings Bank,* 50 Neb. 734.)    But this action of the receiver was brought for the very purpose of collecting in the assets of the corporation.    After the directors had made the call or the assessment on the stockholders, such a call and assessment became an asset of the corporation, or, in the language of the constitution, became corporate property, and if the corporation had continued to exist and do business, it might have maintained an action in its own name against the stockholders for such assessment; and when it went out of business and was put into the hands of a receiver, he could sue to recover these calls or assessments because they were assets of the corporation, as much so as he could have sued upon a promissory note which the corporation owned.    It is true that the receiver in this case by his petition sought to recover from the stockholders all their unpaid stock subscriptions, but by the decree of the district court his recovery was limited to the amount of the call or assessment made by the directors.    The motions for rehearing are overruled.

REHEARING DENIED.