GERMAN NATIONAL BANK OF LINCOLN, APPELLEE, V. FARMERS & MERCHANTS BANK OF HOLSTEIN, NEBRASKA, ET AL., APPELLANTS.

FILED APRIL 21, 1898. No. 7986.

1. Review Without Bill of Exceptions. If there is no bill of exceptions in the record, or the same has been quashed, questions which for their examination require reference to a bill of exceptions cannot be considered.

2. Corporations: CONSTITUTIONAL LAW. "The word 'ascertained,' in section 4, article 11, of the constitution, means judicially 'ascertained,' and to 'judicially ascertain' the amount due from a corporation to a creditor thereof means to have the finding and judgment or decree of a court as to such amount." (*Globe Publishing Co. v. State Bank of Nebraska,* 41 Neb. 175.)

3. ——: ——. The foregoing is also applicable to the liability of a stockholder in a banking corporation as fixed by section 7 of the same article of the constitution. (*Farmers Loan & Trust Co. v. Funk,* 49 Neb. 353.)

4. ——: ——: PLEADING. The portion of the petition in relation to the ascertainment of the amount due a creditor from the corporation and exhausting the assets of the latter *held* sufficient against attacks of the time and manner made.

5. Action Against Stockholders. An action such as this should be for the benefit of all the creditors of the corporation against whose stockholders it is commenced.

6. Insolvent Bank: ACTION AGAINST STOCKHOLDERS: PARTIES. The bank, the liability of whose stockholders was sought to be enforced herein, *held* not a necessary party to the action, but not an improper one.

7. ——: ——: This and similar actions are within the equity jurisdiction of the courts and call for the exercise of their equity powers.

8. ——: ——. The general nature of the relief to be afforded in its main and ordinary elements outlined herein.

APPEAL from the district court of Lancaster county. Heard below before HALL, J. *Modified.*

42

*Capps & Stevens* and *Bochmer & Rummons,* for appellants.

*Abbott, Selleck & Lane, contra.*

Harrison, C. J.

Action was instituted by the appellee, for itself and for the benefit of all other creditors of the Farmers & Merchants Bank of Holstein, to recover of the stockholders of the latter the amount for which each, as a stockholder of the corporation, was liable to the creditors of the corporation. It was of the allegations of the petition: "Plaintiff further says that since the execution, delivery, and transfer of said notes the said defendant the Farmers & Merchants Bank had ceased to do business and had been dissolved, and is now wholly and completely insolvent and unable to pay its obligations hereinbefore set forth; that all the assets ever held by said bank, including the amount of the notes above described, have been appropriated and used by the said bank, or its officers, for the purpose of paying its debts or dividing among its several stockholders, and that there are no assets or property of any kind or description belonging or owing to said bank with which the notes hereinbefore mentioned and described could be paid, and that said bank has no assets with which to pay these obligations, except as hereinafter described; that the exact amount justly due has heretofore been ascertained, and the corporate property has been wholly and completely exhausted." It was of the defenses set forth in answer for all defendants except the corporation that no judgment had been obtained against the appellant bank for the amount of the notes, the indebtedness evidenced by which furnished a basis for the present action. In a trial of the issues joined the appellee was successful, and the other parties have perfected this appeal.

The bill of exceptions herein has, on motion, been

quashed and all questions which for their due considera-
tion would require a reference to that document must be
passed without examination.

It is of the points of argument for appellants that the
petition was insufficient, in that it contained no state-
ment of the facts relative to the due ascertainment of any
sum due from the Farmers & Merchants Bank of Hol-
stein, and the exhaustion of the assets thereof. We have
hereinbefore quoted the averments of the petition on this
subject, and it remains to determine whether they were
sufficient or insufficient. In section 4 of the article of the
constitution entitled "Miscellaneous Corporations" it is
provided: "In all cases of claims against corporations
and joint stock associations, the exact amount justly due
shall be first ascertained, and after the corporate prop-
erty shall have been exhausted the original subscribers
thereof shall be individually liable to the extent of their
unpaid subscription, and the liability for the unpaid sub-
scription shall follow the stock." It has been held by this
court that "ascertained," as used in the portion of the
constitution quoted, means judicially ascertained; and it
has also been determined what is the import of the lan-
guage in regard to the assets of the corporation being ex-
hausted. (See *Globe Publishing Co. v. State Bank of Ne-
braska*, 41 Neb. 175; *Commercial Nat. Bank v. Gibson*, 37
Neb. 750; *Farmers Loan & Trust Co. v. Funk*, 49 Neb. 353;
*State v. German Savings Bank*, 50 Neb. 734; *Van Pelt v.
Gardner*, 54 Neb. 701.) And it has also been announced
that the provisions of section 4, in relation to the ascer-
tainment of the liability of the stockholders and the ex-
haustion of the assets of the corporation, are applicable
to the liability of stockholders in banking corporations
under the terms of section 7 of the same article of the con-
stitution. (See *Farmers Loan & Trust Co. v. Funk, supra.*)
It will be noted that the allegations in the petition
are that the "exact amount justly due has hereinbefore
been ascertained, and the corporate property has been
wholly and completely exhausted," and the wording of

NEBRASKA REPORTS. [VOL. 54

the section of the constitution is "The exact amount justly due shall be first ascertained and after the corporate property shall have been exhausted." The framer of the pleading did not employ the precise words of the constitution, but followed them very closely, and conveyed the same meaning.

Before answer for appellants there was filed for them a motion that the sentence to which we have just referred be stricken from the petition because indefinite and uncertain and a statement of conclusions and not of facts, which was overruled; but there was no proper attack made against such portion of the petition, and we are satisfied that it was a sufficient statement to warrant the reception of evidence under it of the necessary facts, and inasmuch as by the answer and reply the issue was raised of whether a judgment had been rendered, in the absence of a bill of exceptions it must be presumed there was sufficient of evidence to warrant the court's decree, based, as it must have been, partially on a finding that there had been the necessary ascertainment of the amount due from the corporation and its assets exhausted.

It is urged that the action was evidently brought for the benefit of appellee alone, and should have been for all creditors; hence was not sustainable. Such an action should be for all creditors, and all creditors within the jurisdiction of the court should be made parties. (*Van Pelt v. Gardner, supra.*) In the case at bar the action was, in form and substance, for the benefit of all creditors, and there was in the petition an allegation in effect that the appellee was the sole and only remaining creditor, and as the record does not disclose to the contrary, it must be concluded that the action was not defective in this particular.

It is contended that there was a misjoinder, in that the bank, the corporation, and its stockholders were sued in the one action; that this was a misjoinder of parties and of cause. The bank was not a necessary party to an action to establish and enforce the stockholders' liability, and in

such action no specific relief is sought, or can be granted, against the corporation. (*Van Pelt v. Gardner, supra.*) But that the bank was made a party, or relief afforded herein against it, if erroneous, was not error of a character which can affect in any manner the adjudication of the rights of the stockholders. While probably not a necessary party, the bank was not an improper one. This is an action which addresses itself to the equity side of the court; calls for the exercise of equity jurisdiction of the court, rather than what are termed its strictly and distinctively law or legal powers. In *Harris v. Dorchester*, 23 Pick. 112, the supreme court of Massachusetts, in the consideration of a similar question under a like provision of statute, stated: "If actions at law will lie under the 30th section, suits may be multiplied to an indefinite extent. Each bill-holder or other creditor must have its separate suit, and each stockholder must be sued separately. Again, suits between stockholders to adjust their contributions would be interminable. If a creditor's demand be larger than the amount of stock owned by any one, he must have several suits against several individuals on the same cause of action, or lose a part of his just demands. If any one stockholder owned more stock than was needed to meet any one claim made upon him, he would be liable to several suits. It may happen, and probably has happened in this instance, that a bank owes more than the amount of its whole capital. In such case, there must either be a *pro rata* division among the creditors of what may be recovered, which would be impracticable in suits at law, or those who sue first must recover the whole of their debts, leaving others totally remediless, which would be palpably unjust. The evils and inconveniences of attempting to enforce this section by suits at common law would be incalculable; and such remedy would be inadequate, vexatious, and mischievous. The only proper means of giving effect to this provision is by a process in equity, and this, of all cases which can arise, seems to call most loudly for chancery jurisdiction. To a bill in

equity all persons, however numerous, might be made parties, and all the relative and conflicting claims of the many creditors and stockholders settled and their proportionate rights to recover, and liabilities to contribute, adjusted in a single suit. We are all, therefore, of opinion that this case comes within the equity jurisdiction of the court and that an action at law will not lie." (See also *Coleman v. White*, 14 Wis. 762 (700*); *Harper v. Carroll*, 69 N. W. Rep. [Minn.] 610, 1069; *Harpold v. Stobart*, 46 O. St. 397; *Glenn v. Williams*, 1 Am. & Eng. Corp. Cas. 58; *Terry v. Tubman*, 92 U. S. 156; *Pollard v. Bailey*, 87 U. S. 520; *Wright v. McCormick*, 17 O. St. 87; *Richmond v. Irons*, 121 U. S. 27; *Schroder v. Manufacturers Nat. Bank*, 133 U. S. 67; *Ligett v. Glenn*, 51 Fed. Rep. 381.)

There was judgment herein in favor of the appellee and against each of the stockholders of the appellant bank for the full sum for which each was liable under the terms of the constitutional provision, and that execution be awarded the appellee against each. This, we think, as to the awarding of the execution in favor of appellee, was improper. To make collections and disburse the moneys to the creditors there should be some person always amenable to the order of the court and from whom at all times the true state of account may be ascertained. This points directly to a receiver. There should in each case of the nature of this one be an application for and the appointment of a receiver. The court should adjudge the amount due the creditor, or each of the creditors, if more than one, and also the total amount due from each stockholder, and determine the amount of the *pro rata* share required in the first instance necessary to be paid by each stockholder to satisfy the indebtedness proved in the suit, and the costs thereof, such amounts to be collected under the court's order by execution or other proper writ or process or by suit, if necessary, all moneys to pass into and through the hands of the receiver. Of course, when the total of the indebtedness exceeds the aggregate of the sums due from stockholders an assess-

ment will not be requisite. The cause should be retained that in proper application such further orders, assessments, and decrees may be made as the facts and circumstances and the doing of equity may require. This cause is remanded to the district court for modification of the decree and such further proceedings as we have hereinbefore indicated and as may be necessary to insure the proper relief herein.

.JUDGMENT ACCORDINGLY.