JOHN A. VAN PELT ET AL., APPELLEES, v. WILLIAM A. GARDNER ET AL., APPELLANTS.

FILED APRIL 21, 1898.  No. 7923.

| 54 | 701 |
|----|-----|
| 54 | 595 |
| 55 | 97 |
| 54 | 701 |
| 56 | 50 |
| 56 | 203 |
| 56 | 783 |
| 54 | 701 |
| e61 | 827 |
| 61 | 828 |

1. Corporations: RIGHTS OF CREDITORS: LIABILITY OF STOCKHOLDERS: TIME ACTION ACCRUES. A corporation creditor's cause of action against the stockholders thereof, to subject their unpaid stock subscriptions to the payment of his debt, accrues when the exact amount justly due the creditors from the corporation has been ascertained and the corporate property exhausted. (Constitution, art. 11, sec. 4, under Miscellaneous Corporations.)

2. ———: ———: ———: ———. Within the meaning of said section of the constitution, the exact amount justly due has been ascertained when the creditor's claim against the corporation has been reduced to judgment; and the corporate property has been exhausted when execution issued on such judgment has been duly returned unsatisfied.

3. ——: ——: ——: PARTIES TO ACTION. To such a suit the corporation is not a necessary party.

4. ——: ——: ——. A provision in the charter of a corporation organized under the laws of this state which provides that the private property of a stockholder shall not be liable for the debts of the corporation is void, in so far as it attempts to exempt the stockholder from liability—for his unpaid stock subscription—for the payment of corporate debts.

5. ——: ——: ——: REPEAL OF STATUTE. Section 2 of an act passed February 18, 1873, entitled "Homestead Associations," being section 146, chapter 16, Compiled Statutes 1897, was repealed by the adoption of section 4, article 11, Constitution 1875, under Miscellaneous Corporations.

6. ——: ——: ——: CONSTITUTIONAL LAW. The present constitution not only determines what the liability of a stockholder in a corporation, for the corporate debts thereof, shall be, but it limits this liability, and it is not within the power of the legislature to extend it.

7. ——: ——: ——. The liability of a stock subscriber, for corporate debts, except he be a stock subscriber of a banking corporation, is limited to the amount of his unpaid stock subscription.

8. ——: ——: ——: CONTRIBUTION. As between the stock subscribers and the creditors of a corporation, each stock subscriber is liable to the extent of his unpaid stock subscription. As between themselves, each stock subscriber is liable for his proportionate share of the corporate debts, and one stock subscriber who has been compelled to pay more than his proportionate share may sue his co-subscribers for contribution.

9. ——: ——: ——: ACTIONS: PARTIES. One creditor of a corporation cannot maintain an action in his own name and for his own benefit against the debtor stock subscribers of a corporation; but, to subject unpaid stock subscriptions to the payment of corporate debts, all debtor stock subscribers and all creditors of the corporation should be made parties, and a receiver appointed.

10. ——: ——: ——: ——: DECREE. The decree in such case should not be a joint one against all subscribers for the amount of the corporate debts, but a several judgment against each subscriber for the amount of his unpaid subscription.

11. ——: ——: ——: ——: ——: EXECUTIONS. The decree should provide for an execution against each subscriber for his proportionate share of the corporate debts, interest, and costs, and, if any execution should not be collected in full, then for the issuance, upon order of the court, of additional executions from time to time against each solvent subscriber for his proportionate share of the corporate debt remaining unpaid.

Van Pelt v. Gardner.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Modified.*

The opinion contains a statement of the case.

*Saunders & Macfarland,* for appellants:

The action is barred by the statute of limitations. (*McDonnell v. Alabama Gold Life Ins. Co.,* 85 Ala. 401; *Payne v. Bullard,* 23 Miss. 88; *Glenn v. Dorsheimer,* 23 Fed. Rep. 695; *Penniman v. Briggs,* 1 Hopk. Ch. [N. Y.] 343; *Kleckner v. Turk,* 45 Neb. 176; *Globe Publishing Co. v. State Bank of Nebraska,* 41 Neb. 175; *Merchants Nat. Bank v. Northwestern Mfg. & Car Co.,* 48 Minn. 349; *First Nat. Bank of Garretsville v. Greene,* 64 Ia. 448; *Hunt v. Ward,* 99 Cal. 612; *Gray v. Coffin,* 9 Cush. [Mass.] 192; *Dane v. Dane Mfg. Co.,* 14 Gray [Mass.] 488; *Coffin v. Rich,* 45 Me. 507; *Libby v. Tobey,* 82 Me. 397; *Chase v. Lord,* 77 N. Y. 1.)

The corporation was dissolved at the time the original judgment was entered against it; hence an action cannot be maintained against the stockholders. (*Dane v. Dane Mfg. Co.,* 14 Gray [Mass.] 488; *Coffin v. Rich,* 45 Me. 507; *Libby v. Tobey,* 82 Me. 397; *Chase v. Lord,* 77 N. Y. 1; *Scanlan v. Crawshaw,* 5 Mo. App. 337; *Mumma v. Potomac Co.,* 8 Pet. [U. S.] 281; *Hardman v. Sage,* 124 N. Y. 25; *Bonafee v. Fowler,* 7 Paige Ch. [N. Y.] 576; *Hogue v. Capital Nat. Bank,* 47 Neb. 929.)

There was no evidence that the stockholders were indebted to the Metropolitan Building & Loan Association, and until such indebtedness is shown no judgment can be entered against the defendants. (*Union Savings Ass'n v. Seligman,* 92 Mo. 635; *Davidson v. Rankin,* 34 Cal. 503; *Van Hook v. Whitlock,* 3 Paige Ch. [N. Y.] 409.)

The corporation had no right to enforce the payment of subscriptions, consequently the creditors had no such right. (*Hospes v. Northwestern Mfg. Co.,* 48 Minn. 174; *Glenn v. Garth,* 133 N. Y. 18.)

The corporation is a necessary party in an action to

require the stockholders to pay unpaid installments on the stock. (*Walsh v. Memphis, C. & N. W. R. Co.*, 6 Fed. Rep. 797; *Coleman v. White*, 14 Wis. 762; *First Nat. Bank v. Smith*, 6 Fed. Rep. 215.)

If the complainant himself be a stockholder, he should be made to contribute his share to his own debt. (*Perkins v. Sanders*, 56 Miss. 733.)

The amount due on the shares of those stockholders who are creditors should be deducted from the amount due in respect to their stock, and they should participate equally with their creditors in the distribution of the balance. (*Emmert v. Smith*, 40 Md. 123.)

*Estabrook & Davis, contra:*

The Nebraska statutes provide that actions shall be commenced within the prescribed periods after the cause of action shall have accrued. The action does not accrue against the stockholder until judgment and execution against the corporation. The pretended dissolution did not relieve plaintiffs from the necessity of obtaining judgment. The action was commenced against the stockholders within four years from the time the plaintiffs' cause of action accrued. (Cook, Stock & Stockholders, sec. 225, and cases cited.)

The judgment against the corporation was not void. (*McCormick v. Paddock*, 20 Neb. 486.)

It is unnecessary to make the corporation a party to the second action. (*Nolan v. Hazen*, 44 Minn. 478; *Mickles v. Rochester City Bank*, 11 Paige Ch. [N. Y.] 118; *Wellman v. Howland Coal & Iron Works*, 19 Fed. Rep. 51.)

Other references: *Warner v. Callender*, 20 O. St. 190; *White v. Blum*, 4 Neb. 555; *Ogilvie v. Knox Ins. Co.*, 22 How. [U. S.] 380; *Hatch v. Dana*, 101 U. S. 205; *Abbott v. Omaha Smelting Co.*, 4 Neb. 416; *Buffalo & A. R. Co. v. Cary*, 26 N. Y. 27; *Boggs v. Washington County*, 10 Neb. 297; *State v. Page*, 12 Neb. 386; *Poffenbarger v. Smith*, 27 Neb. 788.

RAGAN, C.

In 1887 there was organized in the city of Omaha, Nebraska, a corporation known as the Metropolitan Building & Loan Association. The general nature of the business which this corporation was organized to transact was to sell and buy real estate, to build, rent, and sell houses, to lease its property and borrow and loan money. The capital stock was fixed at $50,000, divided into shares of $1,000 each; the shares to be paid for in monthly installments of $12.50 each. In the district court of Douglas county, in 1890, John A. Van Pelt and others recovered a judgment against said corporation. An execution was issued on this judgment and returned wholly unsatisfied. Van Pelt and others then brought this action in the district court of Douglas county against William A. Gardner and others, the stockholders of said corporation, claiming, among other things, that they were largely indebted to the corporation for subscriptions of stock made by them and which subscriptions they had not paid. In other words, the object of this action was, in effect, to compel each of the said stock subscribers to pay into court such a part of his unpaid stock subscription as would be sufficient to satisfy Van Pelt's judgment, interest, and costs. The plaintiffs below had a decree as prayed, and the parties made defendants below have appealed.

1. The first argument is that the action, when brought, was barred by the statute of limitations. The suit was commenced November 18, 1893, and the appellants allege that the corporation was duly dissolved by a two-thirds vote of its stockholders February 5, 1889; that plaintiffs' cause of action accrued at that date and was barred within four years thereafter. When did the appellees' cause of action accrue? Section 4, article 11 (Miscellaneous Corporations) of the constitution provides: "In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first

49

ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription and the liability for the unpaid subscription shall follow the stock." The claim of the appellees here was a debt of the corporation. The exact amount due from the corporation to appellees has been ascertained and determined by the judgment in favor of the appellees, and since an execution against the corporation has been issued and returned wholly unsatisfied, the presumption is that the corporate property has been exhausted and the liability of the stock subscribers on their unpaid stock subscriptions for this debt of the corporation has attached. The liability of the stock subscribers attached when the corporate property was exhausted in this case on the return of the execution unsatisfied, and the cause of action of the appellees accrued at that time. This was in 1890, or less than four years prior to the bringing of this suit. (*Globe Publishing Co. v. State Bank of Nebraska*, 41 Neb. 175; *Gilkie & Anson Co. v. Dawson Town & Gas Co.*, 46 Neb. 333; *Ball v. Wicks*, 45 Neb. 367; *State v. German Savings Bank*, 50 Neb. 734; *Wyman v. Williams*, 53 Neb. 670; Cook, Stock & Stockholders, sec. 225.)

2. A second argument is that the findings of the district court as to the amount that the appellants were indebted on their unpaid stock subscriptions are not sustained by sufficient evidence. There is no merit whatever in this contention.

3. A further argument is that the corporation was a necessary party to this action. But the appellees in this suit are not claiming anything against the corporation. They are not seeking to take its property, to divest it of any right it has, or to hold it liable in any manner whatever. The liability of the corporation to the appellees has already been determined by the judgment which the appellees hold, and they have exhausted their remedies against the corporation. We do not see that the making

of the corporation a party to this action would have subserved any useful purpose whatever. (*Nolan v. Hazen*, 47 N. W. Rep. [Minn.] 155.) This is an action—for we are now considering only that feature of it which seeks to hold the stock subscribers liable for their unpaid stock subscriptions—not based upon any statute, penal or otherwise, but is one for the recovery of a liability imposed by the constitution of the state upon every subscriber to the stock of every corporation organized under the laws of this state. The constitution declares that after the amount justly due from a corporation to its creditors shall have been ascertained, and after the corporate property shall have been exhausted, the stock subscribers shall be individually liable to the extent of their unpaid stock subscriptions. This is a liability which the legislature can neither take away nor impair. Unpaid stock subscriptions, the constitution declares, in effect, shall constitute a fund out of which shall be paid the debts due the creditors of the corporation, when the exact amount justly due such creditors has been ascertained and the corporate property has been exhausted; and the liability of the stock subscribers for these unpaid subscriptions is not to the defunct corporation, not, technically speaking, to its creditors, but for the corporate debts. (*State v. German Savings Bank*, 50 Neb. 734; *Wyman v. Williams*, 53 Neb. 670.)

4. A provision of the articles of association of this corporation provided: "In no event shall the private property of the members of this corporation be liable for the indebtedness of this association." A final argument, as we understand it, is that the appellants are not liable to the appellees in this action because of this provision in the articles of association. This provision of the corporation's charter was and is absolutely void, in so far as it attempts to protect the stock subscriber from liability for his unpaid stock subscriptions for the debts of the corporation. This is more than the legislature itself could do; and, so long as section 4, article 11, of the

constitution shall remain in force, every person who is indebted on a stock subscription is liable for the debts of that corporation to the extent of his unpaid stock subscription, after the exact amount justly due from the corporation has been ascertained and the corporate property has been exhausted, any provision in the charter of the corporation to the contrary notwithstanding.

5. A section of the statute, under which the corporation of which the appellants were stockholders was organized, to-wit, section 2 of an act passed February 18, 1873, entitled "Homestead Associations," being section 146, chapter 16, Compiled Statutes 1897, contained this provision: "All stockholders of any such association shall be deemed and held liable to any amount equal to their stock subscribed, or by them at any time held in addition to said stock, for the purpose of securing the creditors of said association." By the decree in this case the district court made each of the appellants liable, not only for the amount unpaid on the stock subscribed for by him, but also for the full face value of the paid-up stock owned and held by him in the corporation. We think the decree in this respect was erroneous. This section 146 of the statute just quoted was passed in 1873, prior to the time the constitution of 1875 took effect. The constitution of 1875 determined the extent of the liability of stockholders of corporations organized under the laws of this state for the debts of such corporations. The constitution dealt with railway corporations, municipal corporations, banking corporations, and miscellaneous corporations. It fixed the liability of a stockholder in a banking corporation for the debts thereof at the amount of such subscriber's unpaid stock subscription plus the amount of the face or par value of the paid-up stock held by him in such corporation. By said section 4 it fixed the liability of stockholders of corporations other than banking corporations at the amount of the stock subscribed for by the stockholders and un-

paid, and made this liability follow the stock. The constitution of 1875 then repealed this section 146, chapter 16, Compiled Statutes 1897. The constitution has not only determined the liability of a stockholder in a corporation for the debts thereof, but it has limited this liability, and it is not within the power of the legislature to extend it. If, therefore, one subscribes for the stock of a corporation organized under the laws of this state, other than a banking corporation, and at the time of such subscription pays into the treasury of the corporation in cash the full face value of the stock for which he subscribes, he cannot afterwards be made liable for any debt due from the corporation. The decree in this case should have held each of the appellants severally liable only to the extent of the unpaid stock for which he had subscribed.

6. The decree of the district court provided that any of the appellants, upon paying the amount due the appellees, might sue their co-subscribers for contribution. The majority of the court is of opinion that this feature of the decree is correct. The constitution which makes the stock subscriber, whose subscription is unpaid, liable for the debts of an insolvent corporation does not fix this liability at such a proportion of the corporation's indebtedness as his unpaid stock subscription bears to all the unpaid stock subscriptions, but in express terms declares that each original subscriber for stock shall be individually liable to the extent of his unpaid stock subscription. As between the stock subscribers and the creditors of the corporation each stock subscriber is liable to the extent of his unpaid stock subscription. As between themselves each stock subscriber is liable for his share of the corporate debts. But this is an individual, not a joint, liability. (Cook, Stock & Stockholders [2d ed.] sec. 211, and cases there cited; *Umsted v. Buskirk*, 17 O. St. 113; *Harpold v. Stobart*, 21 N. E. Rep. [O.] 637.)

7. So far as the record before us discloses, no question was made in the court below, nor is any made here, of the

right of the appellees to maintain this action in their own name and on their own behalf. So far as the record before us discloses, the appellees are the only creditors of the defunct corporation. The record being in this condition, we will presume that the appellees are the only creditors of the insolvent corporation and that this suit is properly brought. We deem it proper to remark, however, that we are all of opinion that in such a case as this all creditors of the corporation and all the debtor stock subscribers thereto should be made parties to the action; that the entire indebtedness of the corporation, for which the stock subscribers are liable, may be ascertained and determined in one action. These unpaid stock subscriptions constitute a kind of reserve fund for the benefit of all the corporation's creditors after the corporate property has been exhausted; and in order that the court may properly and equitably distribute this fund among the corporate creditors they, as well as all the debtor stock subscribers, should be parties to the action. (See Cook, Stock & Stockholders, secs. 205, 206; *Umsted v. Buskirk*, 17 O. St. 113; *Coleman v. White*, 14 Wis. 762; *Pollard v. Bailey*, 87 U. S. 520; *Low v. Buchanan*, 94 Ill. 76; *Terry v. Little*, 101 U. S. 216.)

The constitution of the state of Oregon (sec. 3, art. 11) provides: "The stockholders of all corporations and joint stock companies shall be liable for the indebtedness of said corporation to the amount of their stock subscribed and unpaid and no more." The supreme court of that state, in construing this section of the constitution, held that one creditor of a corporation organized under the laws of that state could not maintain an action in his own name and for his own benefit against the debtor stock subscribers of the corporation; that his action must be one in equity to which all the creditors of the corporation were parties. (See *Ladd v. Cartwright*, 7 Ore. 329.) This case was followed and approved by the supreme court of the United States in *Patterson v. Lynde*, 106 U. S. 519. The principles upon which the

doctrine rests were stated by Waite, C. J., in the following language: "The constitution of Oregon created no new right in this particular. It simply provided for the preservation of an old one. The liability under this provision is not to the creditors, but for the indebtedness. That is no more than the liability created by the subscription. The subscription is part of the assets of the corporation, at least so far as the creditors are concerned. The liability of the stockholder to the creditor is through the corporation, not direct. There is no privity of contract between them, and the creditor has not been given, either by the constitution or the statute, any new remedy for the enforcement of his rights. The stockholder is liable to the extent that the subscription represented by his stock requires him to contribute to the corporate funds, and when sued for the money he owes, it must be in a way to put what he pays, directly or indirectly, into the treasury of the corporation for distribution according to law. No one creditor can assume that he alone is entitled to what any stockholder owes, and sue at law so as to appropriate it exclusively to himself." This provision of the constitution of Oregon, in the respect under consideration, is substantially like our own and we are entirely satisfied with the construction placed upon it by the supreme court of that state and the supreme court of the United States. When a corporation becomes insolvent, when its corporate property has been exhausted, the constitution does not mean that one creditor may bring an ordinary suit at law for his sole benefit against one or more debtor stock subscribers to such corporation; but what the constitution does contemplate is that, after the corporate property has been exhausted, then, in a proper proceeding in the nature of a bill in chancery, the court will appoint a receiver and ascertain, or cause to be ascertained, the amount of the unpaid corporate debts and collect from all the unpaid stock subscribers a sufficient sum of money to discharge such indebtedness.

The decree should not be a joint one against all subscribers for the amount of the corporate debts; but a several judgment against each stock subscriber for the amount of his unpaid subscription. The decree should also provide for an execution against each subscriber for his proportionate share of the corporate debts, interest, and costs, and, if any execution should not be collected in full, then for the issuance, upon order of the court, of additional executions from time to time against each solvent subscriber for his proportionate share of the corporate debt remaining unpaid. The court should keep the case open upon the docket until the corporate debts have been discharged or the property liable for their payment exhausted. (*Harper v. Carroll*, 69 N. W. Rep. [Minn.] 610.)

The decree appealed from is reversed and the cause remanded, not for retrial, but with instructions to the district court to set aside its decree and enter a new one against each of the appellants within its jurisdiction for the amount of such appellant's unpaid stock subscription, the decree to be framed in other respects and carried into execution in accordance with this opinion.

JUDGMENT ACCORDINGLY.