STATE OF NEBRASKA, APPELLEE, v. GERMAN SAVINGS BANK, APPELLANT.

FILED NOVEMBER 23, 1899.   No. 10,878.

Appointment of Receiver: INSOLVENCY OF CORPORATION: RES JUDICATA. The order appointing a receiver for the defendant constituted an adjudication that the corporation was insolvent; and no appeal having been taken therefrom, the order was forever afterwards conclusive upon that question against the bank.

APPEAL from the district court of Douglas county. Heard below before FAWCETT, J.   *Affirmed.*

*Joel W. West*, for appellant.

*Ralph W. Breckenridge, contra.*

NORVAL, J.

Thrice this cause, or some phase of it, has made its appearance before this court, and twice opinions have been written upon questions presented for review. See *State v. German Savings Bank*, 50 Nebr., 734; *State v. Fawcett*, 58 Nebr., 371. A brief history of the case will assist in an understanding of the question now presented by the appeal. On July 18, 1896, the attorney general, on behalf of the state, presented a petition to the district court of Douglas county, in pursuance of the provisions of chapter 8 of the Compiled Statutes, entitled "Banks," for the appointment of a receiver to take charge of the assets of the German Savings Bank of Omaha, and to wind up the affairs of the corporation. Notice of the application was accepted by the bank, and, at the time and place fixed for the hearing, the corporation, by its president and cashier, appeared, but did not resist the action sought; and the court being of the opinion that the showing made in the petition or application was sufficient to justify the appointment of a receiver, and no cause having been shown in opposition thereto, Thomas H. McCague was by the court appointed receiver of said bank, who qualified by giving the required bond, and at once entered upon the discharge of the duties of his trust. Subsequently the receiver made a report of the assets, accompanied by his estimate of their value, from which it appeared that they were insufficient to pay the liabilities of the bank. The district court entered an order that an assessment of eighty per cent be made on the subscribers of the amount of their respective subscriptions, and the receiver was directed to institute actions against the stockholders who should make default in the payment of the assessments. The bank moved for a vacation of this order, which motion was denied, and the bank appealed to this court, which resulted in a reversal of the judgment of the district court. See *State v. German Savings Bank*, 50 Nebr., 734. October 29, 1897, the dis-

trict court ordered the sale of certain assets of the bank. The receiver made sale in compliance with said order, and on November 13, 1897, made report thereof to the court; and on the same day a rule was entered to show cause why such report should not be confirmed, a copy of which was duly served upon the bank. On November 18, 1897, the sale was in part confirmed. February 8, 1898, the receiver filed a report exhibiting an account of his receipts and disbursements, and an order was entered that "the court having examined said report, and that the same having been submitted to the German Savings Bank, and said bank having appeared in court by its president, C. J. Karback, two of its directors, George Heimrod and H. J. Meyer, and by its attorney, Joel W. West, Esq., and no objection having been made to said report, the same is hereby approved, and the disbursements therein set forth are ratified, and the items of expense are allowed." In November, 1898, certain creditors of the bank filed applications for an order directing a sale of the remaining assets of the bank in the hands of the receiver, and on January 14, 1899, the district court entered of record an order directing the receiver, at a date named, to sell all the assets belonging to the bank, including its real estate. The bank took exceptions to this last order, and prayed the court to fix the amount of supersedeas bond to be given by the corporation; and the court refused so to do, a proceeding in mandamus was instituted in this court. See *State v. Fawcett,* 58 Nebr., 371. The order of January 14, 1899, directing the sale of the bank assets, is now before us for consideration.

The sole question we are asked to determine is whether the district court had jurisdiction to make the order. It is argued by counsel for the bank that no such power existed until there had been entered a decree in the cause adjudging the insolvency of the corporation, and ordering the affairs to be wound up. It is true the record fails to disclose that there ever has been any specific

formal finding that the German Savings Bank was insolvent; but the orders made in the premises by the district court have, in effect, if not in so many words, adjudicated the insolvency of the corporation. The petition of the attorney general for the appointment of a receiver squarely tendered such issue. It was therein specifically alleged "that the said bank is in fact insolvent and doing an unsafe and unauthorized business, and is jeopardizing the interest of the depositors." At the time the order now assailed was made no pleading had been filed by the bank, or any person, controverting the said averment contained in the petition or application for a receiver, but up to that time the truthfulness of the allegation was admitted by the continued silence of the bank and its officers. The order appointing the receiver herein does substantially determine the question of solvency. We quote from the order the following: "And it appearing to the court that the defendant has accepted service of notice of the hearing upon said application and waived any objection upon its part to the time limited in the former order of the court within which defendant should show cause, if any there be, why the prayer of the petition should not be granted and a receiver appointed, as therein prayed, and said cause having been heard by the court, the defendant, by its president and cashier, being present in open court, being of the opinion that the showing made in the petition herein is sufficient for the appointment of a receiver, and no cause shown why said receiver should not be appointed, it is therefore hereby ordered and adjudged that a receiver be appointed for the defendant;    *    *    * and upon due consideration Thomas H. McCague is hereby appointed receiver of said German Savings Bank" etc. The insolvency of the bank being the ground upon which a receiver was asked in the petition, and the court having found the averments of the petition sufficient, the finding and order of the court were an adjudication that the bank was insolvent. No appeal

was ever taken from that order, and the adjudication is final and conclusive upon that question. It is now too late to review the correctness of that decision, more than one year having elapsed since the order appointing the receiver was made. Suppose a petition for receiver should be presented in a mortgage foreclosure on the ground of the insolvency of the mortgagor and the inadequacy of the property to pay the mortgage, and the court, on the hearing, should find the application sufficient and appoint a receiver, and no appeal is taken from the order, could the mortgagor thereafter assail any order or directions given by the court to the receiver on the ground that his insolvency and the inadequacy of the mortgaged property to pay the debt had not been adjudicated? To state the proposition is to evoke an answer in the negative, for the very obvious reason that those matters were determined and set at rest by the order appointing the receiver. So in the case in hand, the order appointing McCague as receiver of the German Savings Bank determined that the corporation was insolvent, and the question is no longer an open one. The proper time for the bank to have made that defense was before the receiver was appointed. It can not do so now. The question of insolvency having been adjudicated, the court was not without jurisdiction to order the real estate sold. There is nothing in the two previous decisions, heretofore cited, which is inconsistent with the views herein expressed. The order is

AFFIRMED.