ALFRED HAZLETT, Receiver, *vs.* THOMAS A. WOODHEAD.

ALFRED HAZLETT, Receiver, *vs.* MARY E. WOODHEAD.

ALFRED HAZLETT, Receiver, *vs.* MERCHANTILE TRUST COMPANY.

ALFRED HAZLETT, Receiver, *vs.* PROV. MUTUAL INVESTMENT CO.

MARCH 28, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)    *Stockholders' Liability.    Method of Enforcing it.*

Cons. of Nebraska, 1875, Art. XI, § 7, provides "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held for all its liabilities accruing while he remains such stockholder."

Art. XI, § 4, provides "In all cases of claims against corporations the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription and the liability for the unpaid subscription shall follow the stock."

Declaration in assumpsit against a stockholder, to recover the full amount of the par value of the stock held by him under the above provisions, alleged that the bank was adjudged insolvent by order of the Nebraska court, and plaintiff was appointed receiver and set forth the facts upon which defendant's liability was alleged to have accrued:—

*Held*, on demurrer, that, under the decision of the Supreme Court of Nebraska in *Farmers Loan & Trust Co.* v. *Funk*, 49 Neb. 353, and *Van Pelt* v. *Gardner*, 54 Neb. 701, the special individual liability of a stockholder is to be used as a trust fund for the benefit of the creditors of the corporation, enforced by proceedings in equity, in which proceedings all creditors and all debtor stockholders should be made parties in order that the entire indebtedness of the corporation for which the stockholders are liable may be ascertained and determined in one action.

*Held*, further, that it was the duty of the plaintiff to have included the defendant in the equity suit in Nebraska for the purpose of determining his liability in such proceedings.

(2)    *Stockholders' Liability.    Notice to Corporation not Notice to Stockholders.*

*Held*, further, that the declaration was insufficient because it contained no averments that defendant had notice of or was a party to the proceedings in the Nebraska court tending to establish his secondary liability as a stockholder of the bank to the creditors.

*Held*, further, that, under the law of Nebraska, the bank not being a necessary

party to the proceedings to enforce the statutory liability of stockholders under article XI, section 7, service upon it could not be construed as notice to all necessary parties.

*Held,* further, that the fact that the proceedings against the bank and its stockholders were combined in the equity suit did not affect the matter. The bank was a necessary party in order to establish against it as a finality the amount of the indebtedness for which the stockholders were liable, and therefore was entitled to notice; but so far as the proceedings affected the individual liability of the stockholder, such stockholders were entitled to notice of the pendency of the bill.

ASSUMPSIT. Heard on demurrers to declarations, and demurrers sustained.

DUBOIS, J. These are actions of assumpsit, in which the plaintiff, as receiver of the insolvent American Bank of Beatrice, Nebraska, seeks to recover from the defendants, as stockholders of said bank, the full amount of the par value of the shares of its stock held by them, respectively, under the provisions of the constitution of Nebraska, 1875, Art. XI, § 7, which reads as follows: "Every stockholder in a banking corporation, or institution, shall be individually responsible and liable to its creditors, over and above the amount of stock by him held, to an amount equal to his respective stock, or shares, so held, for all its liabilities accruing while he remains such stockholder."

The declaration in each case sets forth that the American Bank of Beatrice, Nebraska, was incorporated under the laws of that State and had a capital of $100,000 divided into 1,000 shares of the par value of $100 each; that on March 20, 1895, by order of the District Court of the First Judicial District of the State of Nebraska in and for the county of Gage, in the case entitled *Lynus Knight, et al.,* v. *American Bank of Beatrice, Nebraska,* wherein said bank was duly represented by counsel, said bank was adjudged insolvent and said plaintiff was appointed receiver; that said court was a court of record and held jurisdiction of the parties and of the subject-matter of said cause; that plaintiff duly qualified as such receiver and took possession of all the assets of said bank, and is now acting under the orders of said court as such receiver; that the constitution of Nebraska has contained a provision at all times

since the defendant's connection with said bank to the effect that each stockholder would be liable individually to the creditors of said bank for an amount over and above the amount of stock by him held equal to the par value of the shares held by him, for all liabilities accruing while he remained such stockholder; that the statutes of the State of Nebraska provide for the appointment of a receiver in cases of insolvency of banks and require such receiver to reduce to possession all assets of such corporation for the benefit of all creditors, and that the Supreme Court of Nebraska has decided that these statutes contemplate that suits shall be brought by a receiver rather than by individual creditors to recover the additional liabilities heretofore referred to, first, however, requiring that the indebtedness proposed to be enforced be judicially ascertained and the other assets of the corporation exhausted; that said indebtedness has been judicially ascertained as required and the other assets of said bank applied thereto, and that it has been judicially found that there still remains a deficit of such an amount that it is necessary to proceed against all stockholders for the full value of the additional amount equal to the par value of the shares held by them; that said defendants severally became the owners of various shares in said bank as set forth in the declaration prior to the accruing of such indebtedness and while the laws of Nebraska, as above set forth, were in full force and effect, and that they severally continued each to be such stockholder while and after said indebtedness accrued; that no creditor has undertaken to enforce this liability of each defendant except through this receiver, and that the rate of interest in Nebraska is seven per cent.; that the decision of the Supreme Court of Nebraska is entitled to full faith and credit in Rhode Island, and that said receiver has demanded and has been refused payment of the liability of each stockholder above set forth, wherefore an action hath accrued. To each declaration setting forth these facts the defendant has filed a demurrer, each giving substantially similar reasons for the same.

The only grounds of demurrer which we deem it necessary to consider are the following:

First. "The law of Nebraska as laid down in *Farmers Loan and Trust Co.* v. *Funk,* and *German National Bank* v. *Farmers and Merchants Bank,* cited by the plaintiff in Exhibit C, does not give the receiver any right to bring proceedings at law to enforce stockholders' liability, but holds that the rights of all parties in interest should be determined by proceedings in equity." And

Secondly. "It does not appear that the defendant was a party to, had notice of, or is in any way bound by the decree rendered by the Nebraska court in the case of *Lynus Knight, et al.,* v. *American Bank.*"

The statements made in the first of the above mentioned grounds of demurrer are correct.

(1) The Supreme Court of Nebraska in *Farmers Loan & Trust Co.* v. *Funk,* 49 Neb. 353, holds that the liability of a stockholder under article XI, section 7, of the constitution of that State, as well as the liability of a stockholder for unpaid subscription for stock, constitutes a trust fund for the benefit of the creditors of the corporation, and that the right of the receiver to enforce the liability of individual stockholders in behalf of the creditors is based on the fact that such liability is enforced for the realization of a trust fund for the benefit of all creditors of the corporation. The court, at page 359, argues as follows: "At common law, stockholders in a corporation proper were not personally liable for its debts. Quite early in the history of this country there were frequently inserted in the charters of corporations provisions fixing the individual liability of stockholders in certain contingencies. When there were presented cases in which it was sought to render effective these special provisions, the courts differed among themselves as to the nature of this liability, the character of the fund arising from it, the persons entitled to sue, and the manner in which the action should be brought. These four matters of difference, on examination, will be found to depend on one question, and that is whether this liability is to be deemed to have been created for the purpose of raising a trust fund for the payment of the debts of the corporation, or whether it created the relation of debtor and creditor directly between a creditor of a corporation and

one of its stockholders. If the fund derived from this liability should be deemed a trust fund of the nature suggested, it naturally resulted that an equitable action was recognized as proper, with its concomitants of parties, beneficiaries, and relief."

The court, after quoting with approval excerpts from *Smith v. Huckabee*, 53 Ala. 191, and *Wilson v. Book*, 43 Pac. Rep. 939, continues as follows: "These free quotations have been made from *Smith* v. *Huckabee* and from *Wilson* v. *Book*, because, uninfluenced by statutory or constitutional provisions, each distinguished court entitled to the credit of one of these adjudications has concluded that the liability of the stockholders ought to be enforced as a secondary liability by a single action in equity for the benefit of all the creditors of the corporation. In the first of these cases there was considered the liability of a stockholder in any corporation; in the last it was shown that the same rules should obtain with respect to a stockholder's liability created by a constitutional provision most strikingly resembling our own. The reasoning of these cases is with reference to the rights both of the creditor and the oftentimes unfortunate stockholder, and, in view of these rights as defined, we can readily understand the purpose of the provision of section 4, article 11, designated 'Miscellaneous corporations,' of the constitution of this state, that 'In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted, the original subscribers thereof shall be individually liable to the extent of their unpaid subscription, and the liability for the unpaid subscription shall follow the stock,' supplemented, where banking institutions are concerned, by the provisions of section 7, that 'Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held, to an amount equal to his respective stock or shares so held, for all its liabilities accruing while he remains such stockholder.' In each case the special individual liability is to be used as a trust fund for the benefit of the creditors of the corporation, as pointed out in

*Wilson* v. *Book,* and the method by which that fund is to be created is clearly indicated by the constitutional provisions just quoted."

The court also used this language: "The liability of a stockholder, individually, for an amount equal to the par value of his stock requires no supplementary statutory legislation to render it effective, and we must therefore enforce this liability under constitutional provisions, statutory enactments, and legal principles of general application. (*State* v. *Weston*, 4 Neb. 216; *In re Petition of Attorney General*, 40 Neb. 402)". And the court held that the liability must be enforced by proceedings in equity. In the absence of statutes making other provisions, such remedy is necessarily exclusive.

The method of procedure in such cases is suggested in *Van Pelt* v. *Gardner*, 54 Neb. 701, as follows: "We deem it proper to remark, however, that we are all of opinion that in such a case as this all creditors of the corporation and all the debtor stock subscribers thereto should be made parties to the action; that the entire indebtedness of the corporation, for which the stock subscribers are liable, may be ascertained and determined in one action. These unpaid stock subscriptions constitute a kind of reserve fund for the benefit of all the corporation's creditors after the corporate property has been exhausted; and in order that the court may properly and equitably distribute this fund among the corporate creditors they, as well as all the debtor stock subscribers, should be parties to the action. (See Cook, Stock & Stockholders, secs. 205, 206; *Umsted* v. *Buskirk*, 17 O. St. 113; *Coleman* v. *White*, 14 Wis. 700; *Pollard* v. *Bailey*, 87 U. S. 520; *Low* v. *Buchanan*, 94 Ill. 76; *Terry* v. *Little*, 101 U. S. 216.

"The constitution of the State of Oregon (sec. 3, art. 11) provides: 'The stockholders of all corporations and joint stock companies shall be liable for the indebtedness of said corporation to the amount of their stock subscribed and unpaid and no more.' The Supreme Court of that State, in construing this section of the constitution, held that one creditor of a corporation organized under the laws of that State could not maintain an action in his own name and for his own benefit

against the debtor stock subscribers of the corporation; that his action must be one in equity to which all the creditors of the corporation were parties. (See *Ladd* v. *Cartwright,* 7 Ore. 329.) This case was followed and approved by the Supreme Court of the United States in *Patterson* v. *Lynde,* 106 U. S. 519. The principles upon which the doctrine rests were stated by Waite, C. J., in the following language: 'The constitution of Oregon created no new right in this particular. It simply provided for the preservation of an old one. The liability under this provision is not to the creditors, but for the indebtedness. That is no more than the liability created by the subscription. The subscription is part of the assets of the corporation, at least so far as the creditors are concerned. The liability of the stockholder to the creditor is through the corporation, not direct. There is no privity of contract between them, and the creditor has not been given, either by the constitution or the statute, any new remedy for the enforcement of his rights. The stockholder is liable to the extent that the subscription represented by his stock requires him to contribute to the corporate funds, and when sued for the money he owes, it must be in a way to put what he pays, directly or indirectly, into the treasury of the corporation for distribution according to law. No one creditor can assume that he alone is entitled to what any stockholder owes, and sue at law so as to appropriate it exclusively to himself.' This provision of the constitution of Oregon, in the respect under consideration, is substantially like our own and we are entirely satisfied with the construction placed upon it by the Supreme Court of that State and the Supreme Court of the United States. When a corporation becomes insolvent, when its corporate property has been exhausted, the constitution does not mean that one creditor may bring an ordinary suit at law for his sole benefit against one or more debtor stock subscribers to such corporation; but what the constitution does contemplate is that, after the corporate property has been exhausted, then, in a proper proceeding in the nature of a bill in chancery, the court will appoint a receiver and ascertain, or cause to be ascertained, the amount of the unpaid corporate debts and collect from all the unpaid

stock subscribers a sufficient sum of money to discharge such indebtedness. The decree should not be a joint one against all subscribers for the amount of the corporate debts; but a several judgment against each stock subscriber for the amount of his unpaid subscription. The decree should also provide for an execution against each subscriber for his proportionate share of the corporate debts, interest, and costs, and, if any execution should not be collected in full, then for the issuance, upon order of the court, of additional executions from time to time against each solvent subscriber, for his proportionate share of the corporate debt remaining unpaid. The court should keep the case open upon the docket until the corporate debts have been discharged or the property liable for their payment exhausted. (*Harper* v. *Carroll,* 69 N. W. Rep. (Minn.) 610.)"

It was the duty of the plaintiff to have included these defendants in the equity suit in the State of Nebraska, for the purpose of determining their liability in such proceedings. There is nothing in the declarations to indicate that he has done anything of the kind and therefore the declarations are fatally defective in that respect and this ground of demurrer must be sustained.

The second ground of demurrer must also be sustained.

(2)    The declarations are insufficient because they contain no averments that the defendants had notice of or were parties to the proceedings in the Nebraska court tending to establish their secondary liability as stockholders of said corporation to the creditors of the same. (*See Farmers Loan & Trust Co.* v. *Funk,* 49 Neb. at p. 365.) The plaintiff, however, contends that the stockholders are bound by the decree against their corporation, and cites *Cox* v. *Barnes,* 45 Neb. 172, and *State* v. *German Savings Bank,* 59 Neb. 292, which cases are not in point.

The provisions of the constitution of Nebraska, article 11, section 4—"In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be in-

dividually liable to the extent of their unpaid subscription and the liability for the unpaid subscription shall follow the stock"—prescribe a time when the cause of action will accrue against the subscriber. _Van Pelt_ v. _Gardner, supra,_ at p. 706. These provisions in relation to the ascertainment of the liability of the stockholders and the exhaustion of the assets of the corporation are held to be applicable to the liability of stockholders in banking corporations under the terms of section 7 of the same article of the constitution. _German Nat'l Bank_ v. _Farmers & Merchants Bank,_ 54 Neb. 593, at p. 595. Actual service of process upon stockholders made before a cause of action accrued against them would be premature. And constructive service will not be implied under such conditions.

In the case of _German Nat. Bank_ v. _Farmers & Merchants Bank, supra,_ at p. 596, it was contended that there was a misjoinder of parties in that the corporation and its stockholders were sued in the one action. The court held: "The bank was not a necessary party to an action to establish and enforce the stockholders' liability, and in such action no specific relief is sought, or can be granted against the corporation."

In the case of _Van Pelt_ v. _Gardner, supra,_ the court said: "A further argument is that the corporation was a necessary party to this action. But the appellees in this suit are not claiming anything against the corporation. They are not seeking to take its property, to divest it of any right it has, or to hold it liable in any manner whatever. The liability of the corporation to the appellees has already been determined by the judgment which the appellees hold, and they have exhausted their remedies against the corporation. We do not see that the making of the corporation a party to this action would have subserved any useful purpose whatever. (_Nolan_ v. _Hazen,_ 47 N. W. Rep. (Minn.) 155.) This is an action—for we are now considering only that feature of it which seeks to hold the stock subscribers liable for their unpaid stock subscriptions—not based upon any statute, penal or otherwise, but is one for the recovery of a liability imposed by the constitution of the State upon every subscriber to the stock of

every corporation organized under the laws of this State. The constitution declares that after the amount justly due from a corporation to its creditors shall have been ascertained, and after the corporate property shall have been exhausted, the stock subscribers shall be individually liable to the extent of their unpaid stock subscriptions. This is a liability which the legislature can neither take away nor impair. Unpaid stock subscriptions, the constitution declares, in effect, shall constitute a fund out of which shall be paid the debts due the creditors of the corporation, when the exact amount justly due such creditors has been ascertained and the corporate property has been exhausted; and the liability of the stock subscribers for these unpaid subscriptions is not to the defunct corporation, not, technically speaking, to its creditors, but for the corporate debts. (*State* v. *German Savings Bank,* 50 Neb. 734; *Wyman* v. *Williams,* 53 Neb. 670.)"

This being the law of Nebraska, it is difficult to perceive how, if the bank is not a necessary party, it can be made the only party, or how service upon an unnecessary party can be construed to be notice to all necessary parties. The fact that the proceedings against the bank and its stockholders were combined in equity does not assist the matter; the bank was a necessary party, there, and therefore was entitled to notice, and notice to it in corporate matters was undoubtedly notice to all of its component parts; but when proceedings were instituted touching the individual liability of stockholders, which is not a corporate matter, then such stockholders were entitled to notice of the pendency of the same. As they were entitled to such notice, it is necessary that the fact that they were properly notified should affirmatively appear in the declaration.

As stated in the case of *Finney* v. *Guy* (Wis.), 49 L. R. A. 486, at page 494: "It is recognized that it would be unjust to bind a stockholder by an adjudication in an action to which he is not a party; but it is said that such is not the result of the new doctrine, because in the first action the corporation stands for all of its stockholders who are not present. How that can be it is easy to assert, but exceedingly difficult to demonstrate upon principle. . . . The corporation is

not made a defendant in the principal action as a representative of the stockholders in any sense. It is joined of necessity only where there are corporate assets which ought to be applied to the payment of the debts. Otherwise, it is a proper party, but only for the purpose of establishing against it as a finality the amount of the indebtedness for which the stockholders are liable. The primary right to be adjudicated in such an action is the stockholders' liability. As an incident thereto, where there are corporate assets which should be applied to the payment of the indebtedness, the corporation must be brought in for the purpose of sequestrating and reaching such assets. If there are no such assets the corporation need not be made a party at all."

As the declarations in the cases at bar are radically defective in the particulars aforesaid, it becomes unnecessary to consider the other grounds of demurrer or to speculate upon the probable attitude of the court towards the exercise of comity when such cases shall be presented to it free from defects. For these reasons the demurrers must be sustained.

Cases remitted to the Superior Court for further proceedings.

*Littlefield and Barrows,* for plaintiff.

*Burbank and Brown,* for defendant corporations.

*John N. Butman,* for defendant Woodhead.