ALFRED HAZLETT, Receiver *vs.* THOMAS A. WOODHEAD.

SAME *vs.* MARY E. WOODHEAD.

SAME *vs.* MERCANTILE TRUST COMPANY.

SAME *vs.* PROVIDENCE MUTUAL INVESTMENT CO.

JUNE 28, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Stockholder's Liability.   Appointment of Receiver.*

On demurrer to the declaration, it appears that the statute of Nebraska, under which the action was brought, was not enacted until after the appointment of the receiver, and that the proceedings for the appointment of said receiver were not brought in conformity with the provisions of the statutes of Nebraska as alleged in the declaration.

(2)   *Receivers.   Comity.*

Whether a receiver appointed outside of this State may sue in the courts of this State is purely a matter of comity. As plaintiff did not ask the court wherein suit was brought for permission to sue, and as the Superior Court has fully considered the case upon the issues raised, the court on exceptions from decision of the Superior Court sustaining demurrers to the declaration will not consider the question at this time as to the right of the receiver to have so brought suit in this State.

(3) *Stockholders' Liability.  Notice to Stockholder.*

Cons. Nebraska, Art. XI, § 4: "In all cases of claims against corporations the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription and the liability for the unpaid subscription shall follow the stock"—prescribes a time when the cause of action will accrue against the subscriber.  These provisions have been held to be applicable to the liability of stockholders in banking corporations under the terms of section 7 of the same article.

As held in *Hazlett* v. *Woodhead et al.*, in 27 R. I. 506, when proceedings were instituted touching the individual liability of stockholders they were entitled to notice of the pendency of the same, which notice should affirmatively appear in the declaration.  Plaintiff by amendment set forth notice by publication to all stockholders of insolvent bank to appear on or before February 24, 1902, but it also appeared from declaration that leave had been granted the receiver to bring suit against the stockholders June 27, 1898, and it did not appear that any notice had been given to stockholders of the pendency of the proceedings resulting in the judgment of the latter date, but it appeared that upon that order the receiver had sued and recovered judgment against all stockholders resident or having property within Nebraska:—

*Held*, that the appearance of defendant by attorney in the proceedings which adjudged the bank insolvent, and in which the receiver was appointed, was before any cause of action accrued against him as a stockholder.

*Held*, further, that the lack of notice to defendant of the proceedings resulting in the judgment of June 27, 1898 was fatal, and the demurrer on this ground would be sustained.

ASSUMPSIT.  Heard on exceptions to decision of Superior Court sustaining demurrers to declarations, and exceptions overruled.

DUBOIS, J.  Since the rendition of our opinion in these cases, which is reported in 27 R. I. 506, the plaintiff has attempted to remedy the defects, therein referred to, by amending his declarations in said actions.  The defendants have demurred to the amended declarations, and the Superior Court has sustained these demurrers; to this action of the Superior Court the plaintiff has duly excepted, and is prosecuting his bills of exceptions in this court.

It becomes important to consider the amendments that have been made to the declarations in these cases, to determine whether or not the objections made to the originals have been cured thereby.

In the plaintiff's declarations against the first and second

named defendants the first amendment consists of the use of the words "in equity" as descriptive of the cause of action in which the American Bank of Beatrice, Nebraska, was adjudged to be insolvent. The second amendment is contained in the words "and wherein also this defendant duly appeared by attorney" and also refers to the equity cause aforesaid. The third amendment is purely technical, consisting of the words "and by" between the words "under" and "the laws of the State of Nebraska." The fourth amendment is a correction of a clerical error by substituting the word "receiver" for "bank." The fifth amendment is a supplemental allegation to the one setting forth that on the 27th day of June, 1898, an order was duly made, in the equity cause hereinbefore referred to, finding and adjudging that the assets of said bank had all been exhausted and the proceeds paid out and applied by the receiver pursuant to the order of said court and authorizing the receiver to bring suit against the stockholders of said bank, and reads as follows: "that in pursuance of said order this plaintiff as receiver of said Bank did on December 16th, 1901, file a petition with said Court in the case of *Lynus Knight et al.*, vs. *American Bank of Beatrice, Nebraska,* wherein he set forth that he had sued and recovered judgment in the case of *Hazlett* vs. *Ainsworth et al.*, against all stockholders of said Bank resident or having property within said State of Nebraska for their additional double liability, and that by reason of the insolvency of many of said stockholders the amount received from said judgments and which might be received therefrom would not exceed fourteen thousand ($14,000) dollars, and also setting forth that the amount of indebtedness of said bank exceeded forty-two thousand ($42,000) dollars, and that of the non-resident stockholders so many were insolvent that it was necessary to sue all non-resident stockholders for the full additional amount up to the par value of the shares of stock held by each respectively, and wherein he prayed for leave to sue all stockholders of said Bank for their additional liability up to an amount equal to the full par value of the shares of stock held by each respectively, of which petition four weeks notice, the same being due and legal notice, was given by publi-

cation in a newspaper as ordered by said Court to all stock-
holders, including this defendant, and by which notice all stock-
holders resident and non-resident were ordered to appear on or
before the 24th day of February, 1902, and show cause, if any
they had, why the prayer of said petition should not be granted."
The sixth amendment, which is merely descriptive, comprises
the italicized words in the following statement of the averment
in the declaration next after the fifth amendment, viz.: "that
on the 27th of March, 1903, upon a further report and showing
to said District Court of the county of Gage, *in said case of
Lynus Knight et al., vs. American Bank of Beatrice, Nebraska,
of which report and showing as above set forth, notice has been
given to said American Bank and all stockholders thereof, in-
cluding this defendant,* and upon full proof of the facts stated in
the preceding paragraph of the condition of the bank, further
decree was made and entered in said cause finding and ad-
judging that it was necessary in order to pay the liabilities of
said defendant bank to bring action against the non-resident
stockholders of said bank for the full amount of their statutory
liability, to wit, the par value of the amount of their stock in
said bank held by each respectively, and it was further ordered
by said court that the plaintiff as such receiver should bring
action in his own name against each of the non-resident stock-
holders of said bank for the full amount of the par value of the
shares of stock held by each of them." The seventh amend-
ment changes the date from "June 27, 1902," to the same month
and day, 1898. The eighth makes a similar correction so that
"March 27th, 1902," becomes the same time in 1903. The
ninth amendment inserts the word "and" between the word
"State" and the words "is entitled to enforce and collect from
the defendant the full amount of the par value of the shares of
stock held by him." And the tenth and last amendment merely
corrects an error in the date from which interest will run
against the defendant, to wit, March 27th, 1903, instead of
1902.

The second amendment is omitted in the declarations
against the third and fourth defendants; otherwise the amended
declarations are substantially identical. The first amendment

shows that the action was brought in a court usually having jurisdiction over proceedings in insolvency and of receivers. The second amendment affecting the first and second named defendants alleges that they duly appeared in said equity suit by attorney. The third and fourth amendments have no material effect. The fifth amendment does set forth that notice of the plaintiff's petition for leave to sue all stockholders of the bank was given, by publication in a newspaper, as ordered by said court, to all stockholders resident and non-resident, including these defendants, to appear on or before the 24th day of February, 1902, to show cause why the prayer of said petition should not be granted. And the sixth, seventh, eighth, ninth, and tenth amendments require no further comments than those they have already received.

The demurrers of the defendants hereinbefore referred to are based upon the following grounds:

First. It does not appear in the declaration that the plaintiff was appointed receiver of said American Bank in proceedings brought in conformity with chapter VIII, section 34, Compiled Statutes of Nebraska, 1895.

Second. A receiver appointed under proceedings in the State of Nebraska has no right to sue in the courts of the State of Rhode Island.

Third. It does not appear that the defendant was a party to, had due and legal notice of, or is in any way bound by the decree rendered by the Nebraska court in the case of *Lynus Knight et al.* v. *American Bank.*

Fourth. It does not appear that the constitution or statutes of the State of Nebraska authorizes a receiver to sue to recover from a stockholder upon his liability as such.

Fifth. The law of Nebraska as laid down in *Farmers Loan and Trust Co.* v. *Funk,* and *German National Bank* v. *Farmers and Merchants' Bank,* cited by the plaintiff in Exhibit C, does not give the receiver any right to bring proceedings at law to enforce stockholder's liability, but holds that the rights of all parties in interest should be determined and "enforced by proceedings in equity, in which proceedings all creditors and all debtor stockholders should be made parties in order that

the entire indebtedness of the corporation for which the stock-holders are liable may be ascertained and determined in one action."

Sixth. The declaration does not state with sufficient certainty what are the assets and liabilities of said American Bank, and what contribution to make up the deficiency should be levied pro rata on each share of stock.

Seventh. The declaration, while alleging that the deficit is about $42,000, and the capital stock of said bank $100,000, seeks in this suit to establish and enforce an alleged liability of the defendant equal to the par value of the stock held.

(1) It is true, as set forth in the first ground of demurrer, that it does not appear that the plaintiff was appointed receiver of said American Bank in proceedings brought in conformity with Compiled Statutes of Nebraska, 1895. Cap. VIII, § 34. Moreover it is alleged in the declaration "that during the whole time, and at all times since and prior to the appointment of the plaintiff as receiver of said American Bank of Beatrice, Nebraska, as aforesaid, the laws in force in said State of Nebraska contained the following provisions: that a receiver might be appointed if the capital of any corporation transacting a banking business in that state was impaired or if it was conducting its business in an unsafe and unauthorized manner, and so jeopardizing the interest of its depositors, and if it was unsafe and inexpedient for it to continue to transact a banking business; that such receiver should thereupon take possession of all books, records and assets of every description belonging to said bank, sell and compound all bad or doubtful debts when approved by the Court or Judge thereof, and that whenever any receiver of any incorporated bank shall file a report with the Court or Judge, setting forth the fact that in the opinion of said receiver the assets of said bank were not sufficient to pay the liabilities of such bank, within a reasonable time, the Court or Judge might order such receiver to proceed at once to collect from the other stockholders of such bank who are liable therefor, any or all such liabilities as shall be necessary for the pay-ment of all the liabilities of such bank; . . . and plaintiff hereby refers to the statutes, . . . as cited in the

schedule hereto annexed and made a part hereof as 'Exhibit C.' in proof of the preceding allegations, statutes, and of judicial interpretations." And the statute so referred to is Compiled Statutes of Nebraska, 1895, cap. VIII, §§ 34 and 35. An inspection of the statutes of Nebraska reveals the fact that said cap. VIII, §§ 1 to 39, did not take effect until July 6, 1895. As the plaintiff had been appointed receiver March 20th, 1895, the provisions of this chapter do not apply to him. This leaves the law relative to the case as it was before the passage of the statute in question.

Under the code of civil procedure of the State of Nebraska: "Sec. 266. A receiver may be appointed by the Supreme Court, or the District Court, or by the Judge of either, in the following cases: . . . Fifth—In all cases where receivers have heretofore been appointed by the usages of courts of equity.

"Sec. 267. No receiver shall be appointed except in a suit actually commenced and pending, and after notice to all parties to be affected thereby, of the time and place of the application, the names of the proposed receiver and of his proposed sureties, and of the proposed sureties of the applicant. Such notice shall state upon what papers the application is based, and be served upon the adverse party, or his solicitor, at least five days before the proposed hearing, and one additional day for every thirty miles of travel from the place of serving the notice to the place where the application is to be made, by the usually traveled route, or shall be published in the same manner as notices of the pendency of suits to non-resident defendants."

"Sec. 274. Every order appointing a receiver without the notice provided for herein, shall be void, and every such order heretofore made, under which the appointee has not possessed himself of the property in question, shall be suspended until an order shall have been made, and the bonds executed and filed in accordance with the provisions of this chapter."

Inasmuch as it appears that the proceedings for the appointment of the receiver of said American Bank of Beatrice, Nebraska, were not brought in conformity with Compiled

Statutes of Nebraska, 1895, cap. VIII, § 34, as alleged in the declaration, the first ground of demurrer must be sustained.

(2)    As to the second ground of demurrer: while it is true that a receiver appointed outside of this State has no right to sue in the courts of this State, it is purely a question of comity whether or not the courts of this State will permit him to sue therein. As the plaintiff did not ask the court wherein the suit was brought for permission to bring suit, and as the Superior Court has never denied him the priviliges of a suitor, but, on the contrary, has fully considered the cases upon the issues raised by the pleadings, we are not called upon at this time to pass upon this question.

(3)    The third ground of demurrer must be sustained because it does not appear that said defendants had due and legal notice of, or are in any way bound by, the decree rendered by the Nebraska court in the case of *Lynus Knight et al.*, v. *American Bank*. As to the defendants Woodhead, the declarations allege that each of them duly appeared by attorney, and it is argued that such appearance is a waiver of notice.

The following clause in each declaration against the defendants Woodhead contains all that is necessary to consider in order to understand the object and purpose of their appearance by attorney: "that on March 20th, 1895, by order of the District Court of the first Judicial district of the State of Nebraska in and for the County of Gage, duly made and entered on the said day in a cause of action in equity then and still pending in said Court, and entitled '*Lynus Knight et al., plaintiffs, vs. American Bank of Beatrice, Nebraska, defendant,*' and in which case said American Bank of Beatrice, Nebraska, was duly served with process and duly appeared therein by attorney, and wherein also this defendant duly appeared by attorney, and thereafter in said cause it was duly found and adjudged that the said American Bank of Beatrice, Nebraska, was on said March 20th, 1895, an insolvent corporation and had suspended its business and ceased to carry out the purposes and objects of its incorporation and that a receiver ought to be appointed of said Bank and its assets; that thereupon by said order the plaintiff herein was on said March 20th, 1895, duly appointed

receiver of the American Bank of Beatrice, Nebraska, and of all its property, rights and assets, corporation franchises and privileges. Said District Court of the State of Nebraska is and at all times was a court of record and of general jurisdiction, and in said cause has jurisdiction of the parties thereto as well as the subject matter litigated therein."

This appearance was before any cause of action accrued against them as stockholders. As stated in *Hazlett* v. *Woodhead*, 27 R. I. 506, 513: "The provisions of the constitution of Nebraska, article 11, section 4, ' In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription and the liability for the unpaid subscription shall follow `the stock'—prescribe a time when the cause of action will accrue against the subscriber. *Van Pelt* v. *Gardner, supra,* at p. 706. These provisions in relation to the ascertainment of the liability of the stockholders and the exhaustion of the assets of the corporation are held to be applicable to the liability of stockholders in banking corporations under the terms of section 7 of the same article of the constitution. *German Nat'l Bank* v. *Farmers' & Merchants' Bank,* 54 Neb. 593, at p. 595. Actual service of process upon stockholders made before a cause of action accrued against them would be premature. And constructive service will not be implied under such conditions." And further, on p. 515: "The fact that the proceedings against the bank and its stockholders were combined in equity does not assist the matter: the bank was a necessary party, there, and therefore was entitled to notice, and notice to it in corporate matters was undoubtedly notice to all of its component parts; but when proceedings were instituted touching the individual liability of stockholders, which is not a corporate matter, then such stockholders were entitled to notice of the pendency of the same. As they were entitled to such notice, it is necessary that the fact that they were properly notified should affirmatively appear in the declaration."

The plaintiff, however, has attempted to meet these objections by his fifth amendment, setting forth notice by publication to all the stockholders of the bank, resident and nonresident, to appear on or before February 24th, 1902. But the fact also appears from the declaration that this was not the first adjudication of the court upon that subject, for it is alleged that leave had been already given on June 27, 1898, by the court to the plaintiff to bring suit against the stockholders of said bank, the court finding and adjudging that the assets of the bank had all been exhausted and the proceeds paid out and applied by the receiver pursuant to the order of said court. It does not appear that any notice had been given to the stockholders in any manner of the pendency of the proceedings which resulted in the judgment of the court of June 27th, 1898. But it does appear that upon the order of that date the plaintiff in the suit of *Hazlett* v. *Ainsworth et al.* had sued, and recovered judgment against, all stockholders of said bank resident or having property within said State of Nebraska.

There is a fatal lack of notice in this respect, and for that reason the third demurrer must be sustained as to all the defendants.

It is unnecessary to consider the fourth ground of demurrer at this time.

The fifth ground of demurrer must be sustained for the reasons given in *Hazlett* v. *Woodhead, supra.*

It is unnecessary to consider the sixth and seventh grounds of demurrer at this time.

The plaintiff's exceptions are therefore overruled, and the case is remanded to the Superior Court for further proceedings.

*Littlefield & Barrows,* for plaintiffs.

*John N. Butman and William J. Brown,* for defendants.