[No. 2019. Decided February 11, 1896.]

C. R. WILSON et al., Appellants, v. WILLIAM P. BOOK et al.. Respondents.

BANKS — DOUBLE LIABILITY OF STOCKHOLDERS — ENFORCEMENT — RECEIVERS.

The additional liability imposed by art. 12, §11 of the constitution upon stockholders of banking corporations to the extent of the amount of their stock is a secondary, and not a primary, liability, as the stockholders occupy the position of sureties, and creditors must first attempt to enforce their claims against the corporation as the principal debtor.

The fact that a banking corporation is insolvent and in the hands of a receiver will not entitle creditors to proceed against its stockholders upon their secondary liability, but such liability constitutes a part of the receiver's trust fund, which the court is authorized to direct him to enforce for the benefit of all the creditors.

Appeal from Superior Court, Chehalis County.— Hon. MASON IRWIN, Judge. Affirmed.

Austin E. Griffiths, for appellants:

The liability of the stockholder is primary, and can be enforced directly by the creditor against the stockholder upon the default of the bank. Brobston v. Downing, 22 S. E. 277; Paine v. Stewart, 33 Conn. 517; Colman v. White, 14 Wis. 700 (80 Am. Dec. 797); Spence v. Shapard, 57 Ala. 598; McDonnell v. Insurance Co., 85 Ala. 401; Todhunter v. Randall, 29 Ind. 275; Cleveland v. Marine Bank, 17 Wis. 545; Hatch v. Burroughs, 1 Wood, 439; Planters' Bank v. Company, 10 Rich. 95; Moss v. McCullough, 7 Barb. 279; (S. C.) 5 Hill, 131; 1 Cook, Stock, § 218; 2 Morawetz, Private Corporations (2d ed.) § 869; 3 Thompson, Corporations, §§ 3071, 3074, 3075, 3078, 3088, 3098, 3174, 3345, 3347, 3358, 3367, 3371, 3375, 3377, 3381, 3431, 3432.

Although the liability of the stockholder is secondary, yet, after assignment or insolvency of the incorporation, the liability can be enforced directly by the creditor against the stockholder. *Bronson v. Schneider,* 33 N. E. 233; *Hawkins v. Furnace Co.,* 40 Ohio St. 507; *Farnsworth v. Wood,* 91 N. Y. 313; *Corning v. McCullough,* 1 N. Y. 47 (49 Am. Dec. 287); *Slee v. Bloom,* 19 Johns. 456 (10 Am. Dec. 273); *Bank v. Ibbotson,* 24 Wend. 478; *Mason v. Company,* 27 Hun, 308; *State Savings Ass'n. v. Kellogg,* 52 Mo. 583; *Flash v. Conn,* 109 U. S. 371; *Kincaid v. Dwinelle,* 59 N. Y. 551; *Shellington v. Howland,* 53 N. Y. 374; *Wright v. McCormack,* 17 Ohio St. 93; *Bank v. Stockholders,* 6 R. I. 154; *Briggs v. Penniman,* 8 Cow. 391 (18 Am. Dec. 454); *Hodges v. Mining Co.,* 9 Or. 202; *Terry v. Little,* 101 U. S. 216; *Harper v. Union Mfg. Co.,* 100 Ill. 225.

*J. B. Bridges,* and *Ben Sheeks,* for respondents:

The additional liability of stockholders is not primary in the sense that the creditor may ignore the corporation, the party with which he deals, and proceed at once against the stockholder. 3 Thompson, Corporations, § 3368; *Pollard v. Bailey,* 20 Wall. 520; *Manufacturing Co. v. Bradley,* 105 U. S. 175; *Terry v. Anderson,* 95 U. S. 628; *Swan Land & Cattle Co. v. Frank,* 148 U. S. 603; *Story v. Furman,* 25 N. Y. 218; *McClaren v. Franciscus,* 43 Mo. 452; Cook, Stock & Stockholders, § 219; *Dauchy v. Brown,* 24 Vt. 209; *First National Bank v. Greene,* 64 Iowa, 445; *Munger v. Jacobson,* 99 Ill. 349; *Priest v. Essex Hat Mfg. Co.,* 115 Mass. 380; *Baxter v. Moses,* 77 Me. 465 (52 Am. Rep. 783); *Cleveland v. Burnham,* 55 Wis. 598; *Head v. Daniels,* 38 Kan. 1. *Stewart v. Lay,* 45 Iowa, 604; *Mean's Appeal,* 85 Pa. St. 75; *Fourth National Bank v. Francklyn,* 120 U. S. 747; *Drinkwater v. Portland Marine Ry.,* 18 Me.

35.   The statutory liability should be enforced by the receivers.   *Paine v. Stewart*, 33 Conn. 516; *Showalter v. Laredo Co.*, 83 Tex. 162; *Merchants' Bank v. Northwestern, etc., Car Co.*, 40 Minn. 361; 3 Thompson, Corp. § 3368.

The opinion of the court was delivered by

HOYT, C. J.—Two principal questions are involved in this appeal.   The first is as to the nature of the liability of a stockholder for the obligation of a banking corporation over and above the amount of his stock. The constitutional provisions and statutes covering the subject of additional liability of stockholders have been expressed in various terms, some expressly and others by implication, giving the creditors an immediate right of action against the stockholders. Some provide the mode of enforcing the right; others leave it for the judiciary to work out the method.   It is admitted by respondents that, by following one line of decisions, this court should construe our constitutional provision as contended for by the appellants. It is claimed, however, that a more satisfactory result will be reached by refusing to follow such decisions, and holding with others, which have established a method which, while giving full force and effect to the constitutional or statutory provisions, have been more in harmony with the fundamental principles of law and equity.   Our constitutional provision is in the following language:

·   " Each stockholder of any banking   .   .   .   corporation   .   .   .   shall be individually and personally · liable equally and ratably, and not one for another for all contracts, debts and engagements of such corporation · .   ·.   .   accruing while they remain such stockholders, to the extent of the amount of their

stock therein,  . . .  in addition to the amount invested in such shares." Const., art. 12, § 11.

It will be seen that there is no language which in express terms gives the creditors the immediate or any right of action. The liability is not on, but for, the contract, debt, or agreement. That the liability so provided is in addition to that flowing directly from the holding of stock which has not been fully paid for. The latter, in event of the insolvency of the corporation, is held to be a trust fund for creditors, and there is no good reason why the same should not be held as to the former. No satisfactory reason can be given for holding one to be a trust fund and the other not to be. There is no principle by which the two classes of liability can be distinguished further than that one is primary and the other secondary; for while it is true that one can be enforced by the corporation itself, and the other only by creditors, yet they were both created for the benefit of the corporation in carrying on its business, and to secure to creditors the payment of its obligations. If the liability which is clearly primary must be treated as a trust fund for the benefit of all of the creditors of the corporation, greater reason exists why a liability which is secondary only, and created entirely for the benefit of the creditors, should likewise be treated as such trust fund. There is nothing in our constitution which defines the method by which this liability shall be made available. Hence the method must be determined by the courts, and their aim should be to prescribe one which will accomplish the object of the provision with the least inconvenience to the creditors, without unnecessary annoyance to the stockholders. A method which would allow a single creditor to maintain an action at law against one or more of the stockholders

for his own benefit would be so unjust to other creditors and might result in such annoyance to the stockholders, that only the most positive language would justify the courts in holding that the liability might be thus enforced. So to hold would enable one creditor to obtain more than his share of the fund which should be derived from this liability. Not only would such a holding allow a creditor to do this, but under it a stockholder could be subjected to a separate suit at the instance of each one of the creditors of the corporation. If this action can be maintained without the bank being made a party, it must be for the reason that such stockholder was in law a party to the contract between the creditor and the bank, and is liable to such creditor upon such contract. If this be so, every stockholder of a banking corporation must, at his peril, keep fully advised as to the exact day when every obligation of the bank will mature. In other words, to hold that such an action can be maintained is to hold that every stockholder is, so far as the rights of the creditors are concerned, an active participant in every contract made by the bank, and, at the option of such creditors may be at once proceeded against if for any reason the bank fails to meet its obligations the day they are due. Under such a rule, a creditor whose claim was not met the day it was due could greatly annoy any or all of the stockholders of a bank which might be entirely solvent and ready to discharge its liabilty to the creditor upon demand. The object of this provision was to furnish to creditors of certain corporations security which those of other kinds did not have. Stockholders of such corporations assumed a liability not imposed upon those of other kinds. But there is no good reason for holding that this liability made them active parties to

the contracts of the corporations. The creditors as a body will be as well, if not better protected, if it is held that the stockholders are only sureties and have a right to demand that the creditors shall first attempt to enforce their claims against the principal.

The courts of comparatively few of the states have gone to the extent of holding that the liability was a primary one, and could be enforced by an action against the stockholder, independent of any proceeding against the corporation; and in those states the constitutional or statutory provisions were unlike ours. In some states where the constitutional or statutory provisions are so like ours that no logical distinction can be drawn, it may have been held that the liability is primary; but this fact, if fact it be, is not of sufficient force to justify us in adopting a rule which will work hardship upon the stockholders, without increasing the security of the creditors; especially in view of the fact that courts of the highest repute have adopted a more equitable rule. Cook, in his work on Stock and Stockholders, in speaking of this liability, makes use, in § 219, of the following language:

"Even when not expressly provided by statute, it is the rule, according to the weight of authority, that corporate creditors, before they can proceed against the shareholders upon their statutory liability, must first exhaust their remedy against the corporation and its assets. This rule arises from the fact that the liability of the stockholders is not the usual fund for the payment of corporate debts, but that the corporate treasury is the primary resource. Accordingly, the statutory liability of the stockholders is not to be resorted to, if the assets of the corporation, including the unpaid subscriptions for stock, will suffice to pay the debts,"

and, in support of the rule so announced, cites a large

number of cases. This rule has been recognized by the supreme court of the State of Illinois. See *Low v. Buchanan*, 94 Ill. 76; *Harper v. Union Mfg. Co.*, 100 Ill. 225. Decisions founded upon this rule have been rendered in the highest courts of many of the states. Most of the courts which have held that the liability was primary have held that an action at law could be maintained by any creditor against one or more of the stockholders, and such would seem to be the necessary result of such holding. But the complaint in this action shows that the plaintiffs were not willing to rest their claim upon such a construction of the provision. Their complaint was in equity, and sought to subject the liability of the stockholders to the claims of all of the creditors who might intervene in the action. That such a proceeding would bring about more equitable results than an action at law by a single creditor is clear. But even such an action could only be maintained without first having exhausted the remedy against the bank, upon the theory that the liability was primary, and not secondary. In our opinion, both reason and authority require us to hold that the additional liability of stockholders under our constitutional provision is secondary, and not primary.

This conclusion makes it necessary for us to consider the other question involved in the appeal. It is claimed on the part of the appellants that, even if the liability is secondary, the facts alleged in the complaint, that the bank was insolvent and in the hands of a receiver, showed that any attempt to enforce their claims against the bank or its property would have been ineffectual; and that for that reason they could resort to the secondary fund. But if this fund is secondary, and for the benefit of all the creditors of the

corporation, it can be reached only by a proceeding in
equity for the benefit of such creditors; and since, un-
der our statute, the receiver of an insolvent ccrpora-
tion represents its creditors as well as the corporation
itself, and can reach all the assets of the corporation
for the purpose of satisfying the claims of creditors,
there is no reason why the additional liability of stock-
holders should not, under the direction of the court,
be enforced by such receiver for the benefit of such
creditors, and the expense and annoyance incident to
the prosecution of another action avoided.  If the lia-
bility is secondary and for the benefit of all the cred-
itors, it is a trust fund for the purpose of satisfying
their claims.   All the other property of an insolvent
corporation is a trust fund for the same purpose, and
there is no reason why trust funds for a single pur-
pose, though derived from different sources, should
not be collected and administered in the same proceed-
ing.   It is conceded that the appointment of a receiver
for an insolvent corporation is the commencement of
a proceeding to enforce liabilities of one kind, the pro-
ceeds of which will constitute a trust fund for the bene-
fit of creditors, and there is no good reason why another
should be commenced to accomplish the same purpose
as to liabilities of another kind.   The receiver, when
appointed, takes possession of all the property of the
corporation for the benefit of all its creditors; and it
should be held that he has the right, under the direc-
tion of the court, to enforce every liability, of what-
ever nature, which the court may find necessary to
fully protect the rights of the creditors.   In this way
all creditors will share alike, and the entire affairs of
the corporation, including the adjustment of the lia-
bilities of its stockholders, will be subject to the con-

trol of the court. in a single action, and unnecessary delay and expense prevented.

The judgment will be affirmed.

SCOTT, DUNBAR and GORDON, JJ., concur.

ANDERS, J., concurs in the result.