[No. 3249. Decided June 9, 1899.]

H. O. SHUEY, *Receiver of the Seattle Savings Bank, Appellant,* v. ALICE L. HOLMES *et al., Respondents.*

BANKS—STATUTORY LIABILITY OF STOCKHOLDERS.

Under art. 12, § 11, of the constitution, making each stockholder liable for all contracts, debts and engagements "accruing while they remain such stockholders," one who was not a stockholder in a banking corporation at the time the corporate indebtedness was incurred or created cannot be subjected to the statutory liability of stockholders.

EVIDENCE—PRESUMPTION AS TO CORPORATE INDEBTEDNESS.

There is no presumption that the indebtedness of a banking corporation was incurred after a stockholder acquired her shares, in view of art. 12, § 11, of the constitution, making each stockholder liable for all contracts, debts and engagements "accruing while they remain such stockholders."

SAME—BURDEN OF PROOF.

Nor, in view of the same constitutional provision, is it a matter of defense in an action to enforce the stockholder's statutory liability in a banking corporation that she acquired her shares after its corporate indebtedness was incurred.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Clise & King,* for appellant.

*Milo A. Root,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—This case was tried in the lower court upon an agreed statement of facts. From a judgment in defendant's favor the plaintiff has appealed. The suit is upon the statutory liability of respondent Alice L. Holmes as a stockholder in a banking corporation. From the agreed statement, it appears that the Seattle Savings Bank was incorporated on June 13, 1891; that on January 12, 1897, in a suit then pending wherein it was defendant and one J. W. Hughes was plaintiff, it was adjudged insolvent and the appellant was duly appointed its receiver. On the fifth of April, 1898, the superior court, upon the petition of the appellant, made an order appointing the seventh day of June, 1898, as the time for ascertaining the value of the assets of the bank in the hands of the receiver and ascertaining and determining the amount necessary, in addition to the value of the assets undisposed of, to pay the creditors of the bank in full, and for the making of the necessary order assessing the stockholders on their statutory liability in proportion to the amount of stock held by each of them.

The order also directed that a copy thereof should be served upon each of the stockholders of the bank residing within the state at least twenty days prior to the time set for hearing, and also directed that a copy of it should be mailed to the non-resident stockholders, and that it be published for six consecutive weeks prior to the date of hearing. At the time set for the hearing, viz., June 7, 1898, the court proceeded to make an order, which, among other things, recited that the order for the hearing of the petition "was personally served upon all the stockholders of said bank save and except the following" (naming certain parties not respondents here), and proceeded to adjudge "that each, all and every of the stockholders . . . equally and ratably . . . be and are hereby assessed on their statutory liability as such stockholders to the amount of forty-eight per cent. of the par value of the capital stock of said bank held by each of the stockholders thereof respectively *as shown by the books of said Seattle Savings Bank on January 11, 1897;*" making such assessment payable to the receiver on or before the fifteenth day of July, 1898, and directing him to give notice to the stockholders of the assessment. Thereafter, the respondent Alice L. Holmes not having paid the assessment so made upon her stock, the receiver was by order of the court dated August 20, 1898, directed to sue thereon. It also appears that on the *first* of *July, 1891,* respondent Alice L. Holmes became, and ever since has been, the owner of five shares of the capital stock of the par value of one hundred dollars per share, which shares were purchased with her separate individual money acquired by her by gift and bequest, and that, previous to the commencement of the action, the receiver demanded payment of the amount of the assessment on the capital stock owned by her.

Art. 12, § 11, of the constitution of this state provides

15—21 WASH.

that "Each stockholder . . . shall be . . . liable . . . for all contracts, debts and engagements . . . *accruing, while they remain such stockholders."* The judgment of the lower court was right, for the simple reason that it does not appear from the statement or from anything contained in the record, neither was it alleged in the complaint, that the whole or any part of the indebtedness of the bank was incurred or created at any time while the respondent was a stockholder of the bank. It is evident that the theory upon which the receiver proceeded was that all stockholders of the bank at the date when its insolvency was adjudged and a receiver appointed, viz., January 7, 1897, were liable, without regard to whether they were such stockholders at the time when the indebtedness arose. This was a mistaken theory, and nothing is needed to demonstrate the mistake, other than the plain language of the constitutional provision just quoted. This superadded liability of the stockholder which exists by virtue of the statute and constitution is personal, and does not follow the stock. The obligation rests on the stockholder, not on the stock. But learned counsel for the appellant urge that as the record shows that the bank was incorporated on June 13, 1891, and the respondent became a stockholder July 1, 1891, it is to be presumed that the indebtedness was incurred after, and not before, she acquired her shares. We can indulge in no such presumption. The burden was upon the plaintiff. The matter was susceptible of demonstration. Under such circumstances, presumption will not, and ought not to, be indulged in. Counsel is, we think, also mistaken in assuming that this is matter which the respondent was required to establish in defense. To refute this assumption, it is only necessary to recur again to the constitutional provision which creates the liability upon which the right of action is grounded. We do not deem it neces-

sary or advisable that we should discuss any other phase of this case, and the judgment must be affirmed.

FULLERTON, DUNBAR, REAVIS and ANDERS, JJ., concur.