A. J. VEIGEL v. ARTHUR M. HARRIS.[1]

March 26, 1926.

No. 25,261.

**What superintendent of banks must prove in order to recover assessment from former stockholder of insolvent bank.**

To entitle the superintendent of banks to recover an assessment against a stockholder in an insolvent bank, who transferred his stock in good faith within a year prior to the time of the superintendent's taking charge, it must appear that the debts, for which the assessment was made, existed at the time of the transfer and still exist.

Banks and Banking 7 C. J. p. 505 n. 90 New.

Action in the district court for Hennepin county by the state superintendant of banks to recover an assessment upon defendant's bank stock. The case was tried before Montgomery, J., who ordered

[1]Reported in 208 N. W. 129.

judgment in favor of defendant. Plaintiff appealed from the judgment. Affirmed.

*Clifford L. Hilton,* Attorney General, and *F. B. Wright,* for appellant.

*Schwartz & Halpern,* for respondent.

QUINN, J.

For more than two years prior to March 20, 1922, the Northern State Bank was a banking corporation, duly created and organized under the banking laws of this state and engaged in the general banking business at the city of Minneapolis. The respondent, Arthur M. Harris, owned 15 shares of its capital stock of the par value of $100 each. On July 25, 1921, he sold and transferred said stock to Herman Greenberg. On March 20, 1922, the superintendent of state banks of the state of Minnesota took charge of the bank for the purpose of liquidation under the insolvency laws of the state. Thereafter, such proceedings were had that the district court of Hennepin county made and filed an order of assessment in which it was ordered that an assessment, equal to the par value of each share of capital stock of said bank, be assessed against each of such shares and against the persons or parties liable as stockholders of said bank for and on account of said shares of stock, and that each party, so liable as a stockholder, pay the amount of such assessment against him to the superintendent of banks within 30 days after the date of such order.

The court found that Greenberg was the owner of the 15 shares of capital stock of the bank which were transferred to him by Harris on July 25, 1921, at the time plaintiff took possession of the bank on March 20, 1922; that Greenberg, having failed to pay the same when demanded, plaintiff brought an action against Greenberg and Harris, pursuant to a former order of the court and on August 24, 1923, judgment was entered against Greenberg for the sum of $1,500 with interest and costs amounting in the aggregate to $1,558.50; that execution was duly issued, placed in the hands of the sheriff and on September 11, 1923, duly returned wholly un-

satisfied; and that Greenberg was wholly insolvent. The court further found that the plaintiff was not entitled to recover anything from the defendant Harris, for the reason that the proofs failed to show what, if any, part of the indebtedness of the bank, existing on March 20, 1922, existed on July 25, 1921, when Harris transferred said stock to Greenberg. The holding of the trial court was in accord with the former holding of this court in Harper v. Carroll, 66 Minn. 487-499, 69 N. W. 610, 1069, where it was held that "such transferror is not liable for debts which existed at the time of his transfer, but have since been paid. He is only liable for debts which existed at the time of his transfer, and still exist." Shuey v. Holmes, 21 Wash. 223, 57 Pac. 818.

We have examined the record with care for evidence bearing upon the vital question in the case, that is, whether any part of the indebtedness of the bank, existing at the time of the transfer of the stock, existed on March 20, 1922, when the superintendent of banks took possession and find no such proof. The order of the trial court was right and the judgment entered thereon must stand.

Affirmed.